**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

R. M-G., as Parent and next friend for
A.R., a minor child,

     Plaintiff - Appellee,

v.

BOARD OF EDUCATION FOR THE
LAS VEGAS CITY SCHOOLS,

     Defendant - Appellant.

--------------------

A.R., through his mother and next friend,
R. M-G., and R M-G.,

     Plaintiffs,

v.

LAS VEGAS CITY SCHOOLS; BOARD
OF EDUCATION FOR THE LAS VEGAS
CITY SCHOOLS; SHERYL MCNELLIS
MARTINEZ, in her official capacity as
Superintendent of the Las Vegas City
Schools, and her in individual capacity;
RICHARD ROMERO; LESLIE DAMON;
LORENA CASTRO-GARCIA, in their
individual capacities,

     Defendants.

--------------------

BOARD OF EDUCATION FOR THE
LAS VEGAS CITY SCHOOLS,

Nos. 15-2040 & 15-2123
(D.C. Nos. 1:13-CV-00350-KBM-KK,
1:13-CV-00720-KBM-KK &
1:13-CV-00755-KBM-KK)
(D. N.M.)

Plaintiff,

v.

R. M-G., as Parent and next friend of minor
child A.R.,

Defendant.

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **PORFILIO**, and **BALDOCK**, Circuit Judges.
_____

These companioned appeals arise from district court orders awarding attorney fees

under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400–1482,

to R. M-G., as parent and next friend (Parent) of minor child A.R.  In Appeal No. 15-

2040, the Board of Education for the Las Vegas City Schools (District[1]) challenges the

award of fees incurred in a due-process hearing.  In Appeal No. 15-2123, the District

challenges the award of fees incurred in seeking those fees (a so-called "fees-for-fees"

award).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in both appeals and

remand for consideration of an award of appellate attorney fees.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Although the Board of Education is the appellant in these appeals, we will follow the Board's designation of itself in its briefs as the "District."

## BACKGROUND

A.R. is legally blind and suffers from a congenital bone disorder characterized by brittle bones. He is a student in the Las Vegas City School District and requires special educational instruction and services, including Braille instruction, orientation and mobility (O&M) services, and extended school-year (ESY) services.

In August 2010, A.R. entered the fourth grade. The District adopted an individualized education plan (IEP), which required ten hours a week of instruction with a teacher for the visually impaired (TVI) and thirty-six hours per year of O&M services. Because the District did not have a certified TVI, an intern provided Braille instruction. And although A.R.'s IEP team recommended ESY services, they were not provided. Further, the District failed to employ an O&M specialist while A.R. was in fourth grade; but it compensated A.R. for that deficiency by delivering "36 hours of compensatory O&M services during the summer." Aplt. App. at 126.

For A.R.'s fifth-grade year, the District retained a different TVI intern. She recommended that A.R. be provided twenty-three hours per week of "direct intervention" and "indirect service." Aplt. App. at 128. A.R's IEP team directed the provision of twenty hours instead. The intern was not, however, able to devote even that time to A.R. because of her heavy caseload, which the District declined to reduce despite her complaints. At the conclusion of A.R.'s second semester of fifth grade, his IEP team concluded that he needed twenty-four hours of ESY services for the summer before

3

beginning sixth grade. But the District failed to provide any ESY services until the end of July, and then it compressed all the time into just three weeks.

For sixth grade, A.R.'s TVI intern again recommended twenty-three hours of direct intervention and indirect service. She also sought a reduced caseload to devote the necessary time to A.R. The IEP team kept the intern's services at the fifth-grade level and declined to reduce her caseload. Additionally, the District failed to provide the O&M services required by A.R.'s IEP for the first semester of sixth grade.

In November 2012, Parent requested a due-process hearing with the New Mexico Public Education Department. She complained (through counsel) that the District had "not developed or implemented IEPs . . . that adequately addresse[d] [A.R.'s] needs for specialized instruction," *id.* at 48, and had not provided O&M services, *id.* at 50.

A hearing officer conducted a three-and-a-half day hearing, during which fifteen witnesses testified. After the hearing, the officer ruled that the District had failed to provide A.R. a free and appropriate education (FAPE) by not providing (1) ESY services in the summer following fourth grade; (2) ESY services in the summer following fifth grade; and (3) O&M services in the first semester of sixth grade. To remedy the deprivation of FAPE, the hearing officer ordered the District to "provide [A.R.] with compensatory education in the form of comprehensive summer programming." *Id.* at 143. Specifically, the hearing officer "awarded two summers (2013 and 2014) in . . . an overnight, support program for the blind and visually impaired," with each program "last[ing] a minimum of six weeks." *Id.* at 139.

But the hearing officer found that A.R. was not deprived a FAPE on grounds that (1) his TVI was only an intern; (2) elements of his fourth-grade IEP were not implemented and he did not progress in the curriculum; (3) a visual-impairment re-evaluation in first-semester fifth grade was insufficient; (4) his IEP team prescribed for fifth and sixth grades twenty hours, rather than twenty-three hours, of TVI services; (5) he received O&M services less than once a week and in blocks of time exceeding one hour; (6) he received insufficient "educational . . . services" in first-semester sixth grade, *id.* at 142; (7) he was not provided Braille texts; and (8) goals and objectives for O&M services were omitted from his IEP. Nonetheless, the hearing officer chastised the District for its "cavalier attitude toward the services required to meet [A.R.'s] needs," noting that "[e]ven though [A.R.] has progressed and improved his Braille fluency while in District's program, he is still two years below grade," which "is impacting his access to the academic curriculum." *Id.* at 140.

As a result of the hearing officer's award, "A.R. attended the Colorado Center for the Blind for two summers for 8 weeks each summer." *Id.* at 44. In addition to each program's $7,600 cost, the District paid A.R.'s transportation costs.

In April 2013, Parent filed suit in federal court, seeking (1) review of the hearing officer's adverse rulings, and (2) attorney fees and costs incurred during the administrative process. The parties consented to proceed before a magistrate judge.

In August 2014, Parent moved to dismiss her challenge to the hearing officer's decision, explaining that she had prevailed in a second due-process hearing that remedied her "concerns that AR still was not being provided with the specialized instruction and

5

services that he needed." *Id.* at 32. But she emphasized that she was "not seeking dismissal of her claim [for] recovery of attorney's fees and costs." *Id.* at 33 (emphasis omitted). In support of the fees and costs aspect of her federal case, Parent filed a motion seeking $49,966.13 ($45,450 in fees; $3,211.37 in gross receipts tax; $1,304.76 in costs). The District opposed an award, arguing that the hearing officer "resolved virtually all of [Parent's] factual allegations and legal claims in a manner favorable to the District and denied [Parent] almost all of the relief she requested." *Id.* at 73. The District continued that, "[e]ven if the Court finds that [Parent] is a prevailing party," the fees should be reduced to reflect "the limited success obtained" by Parent. *Id.* at 81.

The district court granted Parent's motion to dismiss her merits challenge, and it awarded her the entire amount of requested fees and costs. In doing so, the court found that Parent was a prevailing party and that the claims on which she won relief "seem[ed] so interrelated that separating out attorney fees associated with the successful [claims] from those related to unsuccessful claims proves a virtually impossible task." *Id.* at 108. The court explained that much of the relief Parent obtained was "the same whether addressing the school year or the summer months," and that she "achieved her principal goal of compelling the District to provide services necessary for A.R. to thrive in the classroom." *Id.* Accordingly, the district court entered a partial final judgment—because the case had been consolidated with two other cases involving A.R.—and certified it as appealable under Federal Rule of Civil Procedure 54(b).

Parent also moved to recover the fees and costs incurred to litigate the original fee issue in district court. The court granted Parent's motion, and it awarded the entire

6

amount requested, $7,179.02 ($6,250 in fees; $453.77 in gross receipts tax; $475.25 in costs). Finally, the district court certified its fees-for-fees order as final under Rule 54(b).

The District now appeals both fee awards.

## DISCUSSION
### Appeal No. 15-2040
### (Fees for the Administrative Proceeding)

Under the IDEA, the district court may award reasonable attorney fees as part of the litigation costs incurred by a prevailing Parent. 20 U.S.C. § 1415(i)(3)(B). We review an IDEA fee award for an abuse of discretion. *See Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Schs.*, 565 F.3d 1232, 1247 (10th Cir. 2009). "A court abuses its discretion only when it makes a clear error of judgment, exceeds the bounds of permissible choice, or when its decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment." *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1309 (10th Cir. 2015) (brackets and internal quotation marks omitted).

The District does not dispute Parent's status as a prevailing party. Nor does the District take issue with Parent's lodestar calculation—i.e., "the total number of hours reasonably expended multiplied by a reasonable hourly rate," *Zinna v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012). Instead, the District argues that the district court "fail[ed] to undertake an analysis of the degree of success obtained" by Parent. Aplt. Opening Br. at 7 (internal quotation marks omitted). According to the District, "there are at least seven unsuccessful claims unrelated to [the hearing officer's] grant of [relief] to [A.R.]," and therefore, the district court should have "substantially reduce[d] the award of attorney's fees requested by Parent." *Id.* at 25. We disagree.

7

The Supreme Court has prescribed a two-step framework for the situation present here, where the prevailing parent has succeeded on only some of her IDEA claims. First, if the parent lost "on claims that were unrelated to the claims on which [s]he succeeded," then "no fee may be awarded for [counsel's] services on the unsuccessful claim[s]." *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983). We have little difficulty concluding that all of Parent's claims against the District were related. Her overarching concern was that the District had failed to adequately address A.R.'s needs for specialized instruction and O&M services in the fourth and fifth grades, as well as the first semester of sixth grade. She sought to enhance A.R.'s ability to read Braille and use Nemeth Code for math, to obtain access to appropriate instructional materials, and to acquire training in the use of assistive technologies, such as GPS and a BrailleNote computer. And she expressly indicated that A.R.'s "need to develop the compensatory skills necessary for a visually impaired student" had to be addressed through both "[ESY] services and additional educational time." Aplt. App. at 50. Thus, this case "involve[s] a common core of facts" and "related legal theories," making it "difficult to divide the hours expended [by counsel] on a claim-by-claim basis." *Hensley*, 461 U.S. at 435. Because this case "cannot be viewed as a series of discrete claims," we proceed to step two, where we "focus on the significance of the overall relief obtained by [Parent] in relation to the hours reasonably expended on the litigation." *Id.*; *see also Miller*, 565 F.3d at 1247 ("[T]he degree of the [parent's] overall success goes to the reasonableness of a fee award." (internal quotation marks omitted)).

8

Where the parent "has obtained excellent results, [the] attorney should recover a fully compensatory fee," and there should be no reduction in the award "simply because [the parent] failed to prevail on every contention." *Hensley*, 461 U.S. at 435; *see also Robinson v. City of Edmond*, 160 F.3d 1275, 1283 (10th Cir. 1998) (stating that "when a plaintiff achieves the principal goal of her lawsuit, lack of success on some of her interrelated claims may not be used as a basis for reducing the plaintiff's fee award"). "[O]n the other hand, [if] [a parent] has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436.

As a result of Parent's success in the administrative proceeding, A.R. was able to twice attend the Colorado Center for the Blind's comprehensive, eight-week, overnight program. "While there, A.R. received specialized instruction and support in [O&M], Braille, Assistive Technology skills, had his first job, learned to travel[,] including by going to the National Federation of the Blind National Conference[,] and made friends with other students with visual impairments[,] which lessened his isolation." Aplt. App. at 44-45. The District downplays the significance of this outcome, opining that A.R. "was already thriving in the classroom" when he attended the summer programs. Aplt. Opening Br. at 28. But the record does not support the District's view of A.R.'s progress. Although A.R.'s sixth-grade teachers testified that he "was doing well in their classes," Aplt. App. at 132, the hearing officer noted that A.R.'s access to the academic curriculum had been hampered by the fact that he was two years behind in Braille proficiency. Aplt. App. at 140. The hearing officer stressed to the District that its provision of Braille

9

instruction was not "an ancillary service," but rather, part of its obligation to provide A.R. "[a]n expanded core curriculum of compensatory skills." *Id.* Thus, even if A.R. "was doing well" in his first semester of sixth grade, that fact does not detract from the significance of the relief Parent obtained for her son. In our view, Parent achieved an excellent outcome, satisfying her overall goal of remedying deficiencies in A.R.'s special education. For that reason, Parent was entitled to a full award of counsel's fees.

Accordingly, we conclude that the district court did not abuse its discretion in awarding all of the requested fees incurred in the administrative proceeding.

### Appeal No. 15-2123
### (Fees-for-Fees)

An attorney-fee award is available in an IDEA case for counsel's efforts in obtaining fees for prevailing in the administrative proceeding. *See Kaseman v. Dist. of Columbia*, 444 F.3d 637, 640 (D.C. Cir. 2006); *A.R. ex rel. R.V. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 83 (2d Cir. 2005). "Only in extraordinary circumstances will we disturb a district judge's exercise of his discretion in awarding or denying fees for establishing fees." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1206 (10th Cir. 1986) (brackets and internal quotation marks omitted).

The District argues that a fees-for-fees award is unavailable because Parent "did not prevail on any substantive claims raised in the civil lawsuit before she dismissed [it]." Aplt. Opening Br. at 15. The only authority cited to support this argument is *Miller ex rel. S.M. v. Board of Education of Albuquerque Public Schools*, 565 F.3d 1232 (10th Cir.

10

2009).  But *Miller* says nothing about a fees-for-fees award, and the District even acknowledges as much.

Nothing in the IDEA requires the presence of a substantive challenge to the administrative proceedings to qualify for an award of fees.  Indeed, if the District's argument had any merit, it would mean that a parent who prevails on every single one of her administrative claims would nevertheless have to mount some district court challenge to the administrative proceeding just to qualify for a fee award.  The IDEA clearly allows the pursuit of a lawsuit solely to recover fees.  *See Angela L. v. Pasadena Indep. Sch. Dist.*, 918 F.2d 1188, 1192 n.1 (5th Cir. 1990).

Because Parent prevailed by obtaining all of her fees from the administrative proceeding, we see no abuse of discretion in the district court's grant of her fees-for-fees motion.

## CONCLUSION

Given the results achieved by Parent in the administrative proceeding, the district court did not abuse its discretion by awarding all of Parent's attorney fees.  Therefore, we affirm the district court's judgment in Appeal No. 15-2040.  Further, given that a fees-for-fees award is permissible under the IDEA and justified in this case, the district court did not abuse its discretion by granting Parent's motion for such an award.  Therefore, we affirm the district court's judgment in Appeal No. 15-2123.[2]

---

[2] At this point, we remind counsel for both parties that cogent legal arguments advance a position much better than aspersions cast on opposing counsel.  For instance, the District gained no benefit in these attorney-fee appeals by repeatedly

(continued)

11

Finally, because Parent may be entitled to recover attorney fees for prevailing on appeal, we remand for the district court to determine whether such fees are warranted, and if so, the amount of those fees.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

suggesting that Parent dismissed her district court challenge to the administrative proceeding only to gain some "tactical advantage" in another case. No. 15-2123, Aplt. Opening Br. at 15. Nor did Parent benefit by accusing the District's counsel of "egregious and vexatious" conduct in preparing an appendix that omitted certain documents. No. 15-2040, Aple. Br. at 9. Accordingly, we deny Parent's request to strike portions of the District's opening brief in Appeal No. 15-2040 or to dismiss that appeal. Further, in the absence of a separate motion, we deny Parent's request for attorney fees on appeal as a sanction. *See* Fed. R. App. P. 38 advisory committee's note to 1994 amendments.